MARY SMITH, ADMINISTRATRIX, APPELLANT, V. UNION PACIFIC RAILROAD COMPANY, APPELLEE.

FILED JANUARY 9, 1909.   No. 15,397.

Railroads: INJURY TO PERSONS: CONTRIBUTORY NEGLIGENCE. Defendant in error's intestate, while driving on the public road, parallel with the railroad track of the plaintiff in error, upon a moonlight night, left the public road and went diagonally toward the railroad track, and over the side of a cut, where he, with his wagon box and a load of lumber, were thrown upon the track. A train soon after struck the obstruction, and he was afterwards found mangled upon the track. There is no evidence indicating that his team ran away or became unmanageable, but the evidence shows that he was much intoxicated a short time before the accident. *Held*, That the deceased was guilty of such contributory negligence as to preclude a recovery, though the railroad was not fenced at the locality of the accident, as by law it was required to be. *Union P. R. Co. v. Smith*, 5 Neb. (Unof.) 631, followed and approved.

APPEAL from the district court for Greeley county: JAMES N. PAUL, JUDGE. *Affirmed.*

*Tibbets & Anderson* and *J. R. Swain,* for appellant.

*Edson Rich* and *J. E. Rait, contra.*

GOOD, C.

Mary Smith, as administratrix of the estate of Michael Smith, deceased, brought this action against the Union Pacific Railroad Company to recover damages for negligently causing the death of her intestate. The defendant denied negligence on its part, and pleaded contributory negligence on the part of the plaintiff's intestate. At the conclusion of the evidence the court directed a verdict for defendant. Plaintiff has appealed.

At a former trial of this cause in the district court plaintiff recovered a judgment against defendant, which was reversed by this court. See *Union P. R. Co. v. Smith,* 5 Neb. (Unof.) 631. After the cause was remanded to the district court a second trial was had upon the same issues and upon substantially the same evidence as was adduced upon the first trial. A full statement of the issues and facts disclosed by the record may be found in the former opinion, and will not be repeated here. The only additional evidence adduced upon the second trial was that of plaintiff, who testified that the night on which the accident occurred was cloudy and dark, and that there were three tracks in the public highway which ran parallel to defendant's line of railroad near the place where the accident occurred, and that one of these tracks, which was used in muddy weather, ran quite close to defendant's railroad track. We have carefully read and examined all of the evidence in the record. The testimony of the plaintiff that the night was dark was general in its nature and would not refer to any particular hour of the evening. The evidence was not at all inconsistent with

the evidence adduced at the former trial. It was there shown that it was quite dark in the early part of the evening before the moon had risen. It was clearly shown, however beyond question that at the time the accident occurred the moon had risen and that it was sufficiently light for those who met and passed Mr. Smith upon the highway to recognize him, and further shows that it was sufficiently light immediately after the accident for persons to see and trace the wagon tracks where it had left the highway, and trace them to the point where the accident occurred. The testimony further shows that at the time of the accident plaintiff was several miles distant, and she would not therefore have determined the condition of darkness or light at the place of the accident. Plaintiff's own testimony shows that at the time of the accident there was but one beaten track in the highway which was used, and that the beaten track was on a portion of the highway that was graded up. Plaintiff's own evidence, therefore, adds nothing materially to the facts disclosed by the record upon the former trial. The record discloses that plaintiff's intestate had frequently driven over the highway for the past 26 years and that he was very familiar with it. Under the evidence and the circumstances disclosed by the record, the conclusion appears irresistible that plaintiff's intestate was guilty of contributory negligence in turning from the highway and driving over an embankment onto or near the defendant's railroad track, and but for his own negligence the injury could not have happened. The present case made is in no respect different from that presented when the case was first before this court. Upon the authority of the former opinion, plaintiff was not entitled to a judgment. The district court properly directed a verdict for the defendant.

The judgment should be affirmed.

Duffie and Epperson, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.